## Baird *versus* Porter.

1. An avowry in replevin, that the taking of the goods was on premises leased for which rent was in arrear, is good in *form* although it does not allege that the distress was taken for that rent.

2. Such avowry would be good in *substance* when the plaintiff had declared in the *detinuit*, for the defendant might lawfully distrain the goods on the premises for rent and detain them during the period allowed to replevy them.

3. The defendant had no right to retain the goods after a replevin, by giving a claim-property bond, unless he had a property in them which entitled him to their possession.

4. The landlord has neither a special or a general property in goods distrained for rent, nor right to their possession after service of the replevin.

5. It is the landlord's duty to deliver the goods under the replevin and look to the replevin bond.

6. That the landlord took the goods as a distress for rent, is no justification, under a declaration in the *detinet*.

November 17th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county*: No. 120, of October and November Term 1870.

On the 9th of August 1869 Cephas Porter issued a replevin against Jeremiah Baird for five cattle. The sheriff returned: "Replevied, &c.—Property bond entered by Jeremiah Baird and property retained by him." The declaration was filed September 6th, and averred the taking of the cattle in a "field then in possession of one James Porter." On the 5th of November the defendant pleaded "Property in himself." On the 4th of February 1870, after the jury was sworn, the defendant had leave to withdraw his plea and file an avowry, in which he averred "the taking of the said cattle in said declaration mentioned, * * because he says that the said close was and is his freehold, and was at the time of the taking" leased to James Porter from the 1st of April till the 1st of November 1869, at a fixed rent, of which $45 had become due on the 1st of July, and was at the time of the taking unpaid as aforesaid.

On the same day the plaintiff demurred, and assigned these causes of demurrer:—

"That the taking of the said cattle, so avowed by the said

defendant, is not alleged to have been done by distress for rent in arrear. And also that the said avowry *is in other respects* uncertain, informal and insufficient; wherefore he prays the court that the defendant may answer over." ,

The court (Gilmore, P. J.) gave judgment for the plaintiff on the demurrer, and ordered the defendant to answer over. The defendant declined to plead further; the court entered judgment *sec. reg.* A writ of inquiry of damages was issued, and the inquest returned June 21st 1870 that they had assessed damages to the plaintiff to the amount of $209.26. Final judgment was entered July 9th 1870.

The defendant removed the case to the Supreme Court, and assigned for error, giving judgment on the demurrer.

*E. Campbell*, for plaintiff in error.—The demurrer admitted all the facts stated in the avowry: Hill *v.* Miller, 5 S. & R. 354, and therefore it appeared that the cattle were liable to be distrained for the rent: Weidel *v.* Roseberry, 13 S. & R. 178; Kessler *v.* McConachy, 1 Rawle 434. Under the Act of March 21st 1772, Purd. 867, pl. 2, the defendant may avow that the taking was for rent in arrear, and make conusance generally, without setting forth the grant, &c.: 3 Bl. Com. 149. The avowry was in proper form: 2 Chitty's Pl. 508–512; 3 Id. 529–531.

*W. H. Playford*, for defendant in error, cited Act of 1772, *supra.*

The opinion of the court was delivered, January 3d 1871, by

WILLIAMS, J.—This was an action of replevin in which the plaintiff in error was defendant in the court below. He gave the sheriff a claim-property bond, and retained the cattle for which the writ was issued. The plaintiff declared in the *detinet*—and the defendant pleaded property. After the jury was sworn he was allowed to withdraw his plea, and to avow for rent in arrear. The plaintiff demurred specially to the avowry; the court sustained the demurrer, and ordered the defendant to answer over. The defendant refused to plead further, and thereupon the court discharged the jury, and directed judgment to be entered for the plaintiff *sec. reg.* in default of a plea. Afterwards, on notice to the defendant, the court awarded a writ of inquiry of damages, and, upon return thereof with the inquisition annexed, entered judgment in favor of the plaintiff for the damages found by the inquest. The defendant then sued out this writ of error, and has assigned for error the judgment of the court in sustaining the demurrer.

The objection to the avowry, assigned as cause of special demurrer, is that the taking of the cattle, avowed by the defendant, is not alleged to have been done by distress for rent in arrear.

[Baird v. Porter.]

The question as to the sufficiency in form of an avowry for rent, in which there was no such averment, was determined by the King's Bench in Pullen v. Palmer, Carth. Rep. 328, as long ago as the eighth year of William III. There the question arose upon demurrer to the plea in bar of the avowry, and the case is thus reported :—" Upon demurrer by the defendant, it was argued for the plaintiff that the avowry was ill both in substance and form. As to the form it was objected that the conclusion of the avowry was ill because 'tis said that so much rent was behind, but did not expressly avow the distress to be taken for that rent, but avowed generally, without showing the cause for what; whereas after (*bene advocat captionem*) he ought to have added this clause *pro prædictis 7l. 10s. de redditu præd. sic ut præfertur aretro existen.*, &c. *Sed non allocatur :* because 'tis said and *quia* such rent was behind he avowed, &c. So that the word *quia* shows the cause of the distress." And so the word *because (quia)* in the avowry here, sufficiently shows the cause of the distress though the taking of the cattle is not expressly avowed as for and in the name of a distress for the rent due and in arrear.

But though the avowry is sufficient in form, if it is not sufficient in substance, advantage may be taken of the objection under the special demurrer: Steph. Pl. 141. Is the avowry then sufficient in substance? It would doubtless be a good answer to the declaration if the plaintiff had declared in the *detinuit*, because the defendant might lawfully distrain the cattle found on the demised premises for the rent in arrear, and detain them during the period allowed by law for the tenant or owner to replevy them. But is it a good and sufficient answer to a declaration in the *detinet?* If the defendant had the right to take the cattle as a distress for the rent due him, and to detain them for the period allowed for their replevin, "after such distress taken and notice thereof," before proceeding to appraise and sell them in satisfaction of the rent, his right to retain them, after the issuing and service of the writ of replevin, is not so apparent. Under the Acts of 1705 and the 24th March 1792, and the uniform practice in this state, the plaintiff had the unquestioned right to issue the writ of replevin for the cattle, if they were taken by the defendant as a distress for rent, and it was the duty of the defendant to deliver them to the sheriff according to the exigency of the writ. He had no right to retain them by giving a claim-property bond unless he had a general or special property in the cattle which entitled him to their possession. But if he took the cattle as a distress for rent, he had neither a general or special property in them, nor any right to their possession after the service of the writ of replevin. It was his duty, under the law regulating the right of distress, to deliver up the cattle, as required by the writ, and, as his security for the rent, to look to the bond which the sheriff was

[Baird *v.* Porter.]

required to.take before making a deliverance of the distress.    If then the defendant had no legal right to detain the cattle as a distress for rent after the service of the writ of replevin, the fact that he took them as a distress for rent is no justification for such detention ; and, consequently, the avowry is no sufficient answer in law to the plaintiff's declaration.    The avowry concludes with a verification and the defendant's prayer for judgment, &c., that is, the defendant prays judgment and a return of the cattle together with his damages, &c. ; and the judgment at common law, in favor of the avowant, is *pro retorno habendo*.    But no such judgment could be entered for the defendant here, if the issue upon a traverse of the avowry should be found in his favor, for both the sheriff's return and the pleadings show that the defendant, and not the plaintiff, has the cattle in controversy. But we need not discuss the question further.    The defendant, by giving the claim-property bond and retaining the cattle, put it out. of his power to set up, as a defence to the replevin, their distraint for rent in arrear; and, therefore, the court below was right in sustaining the demurrer.

Judgment affirmed.