# Cox *v.* Hartranft, Appellant.

*Principal and surety—Replevin bond—Res judicata.*

A surety in a replevin bond cannot set up in his affidavit of defence to an action on a bond matters that were controverted in the action of replevin, and settled by the verdict and judgment in that case.

Argued March 20, 1893. Appeal, No. 159, Jan T., 1893, by defendant, H. G. Hartranft, from order of C. P. No. 2, Phila. Co., June T., 1888, No. 829, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on replevin bond.

Defendant filed an affidavit of defence in which he averred that the action of replevin was duly prosecuted by the plaintiff,

Merritt H. Hall, according to law; " that Rachel C. Hall, the wife of Merritt H. Hall, was the owner of premises No. 1008 North Seventh street, Philadelphia, and she leased the same to her said husband under the following terms, the said Merritt H. Hall to pay the sum of $20.00 per month in cash, also the interest on two certain mortgages, and to pay the tax.

" The said Rachel C. Hall died on or about the 22d day of January, 1888, first having made her last will and testament in writing dated April 28, 1886, and codicils thereto. The testatrix devised the said premises No. 1008 North Seventh street to her daughter, Ida E. Davis, absolutely, etc. That notwithstanding said last will, the said husband, Merritt H. Hall, was tenant by curtesy, and under the laws of Pennsylvania had the right to use and enjoy the said premises as such tenant after the decease of his said wife, and deponent is advised and believes that immediately after the death of the said Rachel C. Hall the said lease to the said husband, Merritt H. Hall, ceased and became of no binding effect.

" Deponent further says that the said coexecutor claimed to recover from said Hall, in the said suit in replevin, the sum of $60.00 for three months' rent, ending August first, 1888, and on the said trial said Hall then and there claimed that the said Cox, executor, was partly indebted to him in the sum of $64.40 for water rent paid by him, Hall, for the year 1888, and assessed against said premises, and which said water rent was justly and legally due and payable by said Cox, executor, etc., and which he, the said Cox, had neglected and refused to pay as provided by the ordinances of said city.

" Deponent further says that he is legally advised, and believes that according to the terms and conditions of the said bond sued upon in this case, the deponent is not and ought not to be held liable, because the conditions thereof have not been broken by anything this deponent was legally required to do, and because the verdict and judgment entered in said replevin suit against said Hall were illegal and void as far as the bond given by this deponent is in question."

Rule for judgment made absolute.

*Error assigned* was above order.

*Charles Davis*, for appellant.

*Robert Ingram*, for appellee, not heard.

PER CURIAM, April 10, 1893 :

The defendant was a surety on a replevin bond. The defence set up in his affidavit rested on matters that were controverted in the action of replevin and settled by the verdict in that case. The learned judge was right in holding that they could not be now retried, and that the affidavit was insufficient.

The judgment is affirmed.