# Drumgoole, Appellant, v. Lyle.

*Replevin—Landlord and tenant—Act of April 19, 1901, P. L. 88.*

The Act of April 19, 1901, P. L. 88, includes writs of replevin issued by tenants against landlords in cases of seizure for rent.

Under the Act of April 19, 1901, P. L. 88, it is not necessary for the plaintiff in replevin to anticipate in his statement of claim the defense which may be set up, and traverse it. All that the plaintiff is required to do is to set forth clearly and fully his title with an averment of wrongful dispossession.

Argued Dec. 14, 1905. Appeal, No. 229, Oct. T., 1905, by plaintiff, from order of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 3,956, sustaining demurrer to statement in case of Joseph P. Drumgoole v. Franklin L. Lyle, Trustee in Bankruptcy, and Otto Zimmerman, Constable. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Replevin for furniture.

The plaintiff's amended statement after setting forth the articles seized continued as follows:

" On the said November 18, 1904, Franklin L. Lyle and Otto Zimmerman, defendants, entered upon the said premises, 942 Belmont avenue, and wrongfully seized and took out of plaintiff's possession and into their own possession all of the said articles mentioned in this statement, and retained the same until service had been made of the writ of replevin issued in this case.

" So far as the plaintiff has been able to understand defendants' conduct, as above stated, they claim to justify the same on the ground that the said Lyle was owner of the premises named, plaintiff was their lessee under a certain lease by the said Lyle to him of the said premises, of which a copy is attached hereto as exhibit ' A,' and that two monthly installments of rent, in $25.00 each, were due and in arrear under the same at the date of the said entry and taking.

" If this be actually their claim, they are not justified thereby in their trespass, because, though the said Lyle was owner of the said premises, and the plaintiff was lessee of the premises, the whole amount of the said supposed arrears of rent was in fact paid by plaintiff November 2, 1904, to Sarah W. Murphey, in part satisfaction of a certain installment of ground rent in the amount of $62.50, due to her October 1, 1904, and in arrear, out of same premises, and subject to which ground rent the said Lyle held title to the said premises. . . . All of the contents of the said premises were subject to be distrained upon by said Sarah W. Murphey for arrears of ground rent at any time during the term for which, under the provisions of the said lease, this plaintiff was entitled to continue as lessee of the said premises, or said owner of ground rent might have re-entered for nonpayment of the said installment, or she might have resorted to the other forms of redress in such case.

Plaintiff is injured by the seizure of the said property belonging to him and bailed with and intrusted to him by the owners thereof in the sum of $200, for collection whereof and recovery of possession of the said property enumerated in the foregoing list plaintiff brings this suit.

The defendant demurred to the statement, alleging the following reasons :

1. The statement of demand is in violation of the provisions of section 4 of the Act of April 19, 1901, P. L. 88, which re-

quires the plaintiff to " file a declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based."

2. The statement of demand is argumentative.

3. It may be inferred from the statement of demand that the chattels sought to be recovered in this action were distrained for rent, without giving any facts or legal reasons showing the invalidity of said distraint.

4. The plaintiff seeks to escape liability for the payment of rent by alleging that he paid the amount thereof to a third person who was the owner of a ground rent issuing out of the demised premises, which, in law, does not excuse the plaintiff from payment of the rent due and distrained for.

The court sustained the demurrer.

*Error assigned* was order sustaining the demurrer.

*Thomas H. McCaffrey* and *E. Spencer Miller*, for appellant. —The form of proceeding defined by the act of 1901, does not apply to a replevin : Crawford v. Fulmer, 31 Pa. C. C. Rep. 219 ; Williams v. Rutherford, 14 Pa. Dist. Rep. 282 ; Rosenfeld v. Goldberg, 14 Pa. Dist. Rep. 381.

The proceeding should have been under the act of 1772 : Williams v. Rutherford, 14 Pa. Dist. Rep. 282 ; Rosenfeld v. Goldberg, 14 Pa. Dist. Rep. 381 ; Crawford v. Fulmer, 31 Pa. C. C. Rep. 219.

*Emanuel Furth,* with him *Jacob Singer*, for appellees.—In a replevin on a distress for rent, it is proper and appropriate to proceed under the replevin act of April 19, 1901 : Crawford v. Fulmer, 31 Pa. C. C. Rep. 219.

The replevin act of April 19, 1901, clearly contemplates that the statement of demand and the affidavit of defense should present the issue upon which the cause should be tried.

OPINION BY HENDERSON, J., March 12, 1906 :

Replevin is the appropriate action whenever a person claims goods in the possession of another, without regard to the manner in which the possession was obtained. The question is one

of property, either general or special, and right of possession.
The act of March 21, 1772, 1 Sm. L. 370, provided a new prac-
tice to work out the rights of landlords and tenants in the case
of a replevin after a distress for rent, but this does not confer
upon the court the power as to the action itself. The Act of
April 19, 1901, P. L. 88, does not except from its operation any
action of replevin distinguishable from others because of the
particular facts out of which it arises. None of its sections
suggests a substantial implication that it was not intended to
apply to writs issued by tenants against landlords in cases of
seizure for rent. The title; the provisions for giving a bond
before the writ goes out; for the service; for the admission
of intervening parties; for the filing of a declaration under
oath and an affidavit of defense clearly indicate that the statute
was intended to provide a convenient practice under which
the rights of all parties interested in the property might be
worked out. It is provided by the sixth section that the
declaration and affidavit of defense shall constitute the issue un-
der which the question of title and right of possession as be-
tween all the parties in interest shall be determined by a jury.
The same section confers upon the court the power to take a
conditional verdict where any party is found to have only a
lien upon the goods and to enforce the same in accordance with
equitable principles. The twelfth section authorizes courts
of common pleas to make rules governing the proceedings un-
der the act. These provisions are broad enough to cover ac-
tions between tenant and landlord and make possible an expe-
ditious and practical determination of issues raised by the
pleadings. If the mode of procedure and logical order of the
introduction of the evidence be regarded, it will not be found
to be more difficult to determine the rights of the parties in an
action of replevin after a distress for rent than in a similar
action where a bailment of the property is involved.

What, then, must the plaintiff set forth and what is the order
of procedure? The statute requires that the declaration shall
consist of a concise statement of the plaintiff's demand, setting
forth the facts on which his title to the goods and chattels is
based. This has evident reference to the facts relating to his
acquisition of the property and conditions which entitle him
to its possession. Possession usually follows title and an

affirmation of absolute ownership or a qualified property with the circumstances of such qualified proprietorship would ordinarily be sufficient to present a prima facie case in favor of the plaintiff.   If the plaintiff's title be clearly and fully set forth with an averment of wrongful dispossession the defendant must meet this prima facie showing by setting forth in his affidavit of defense facts sufficient to justify his retention of the property.   This is not only the logical method of forming an issue and of developing the grounds upon which a verdict must be based but it is the express requirement of the act. Within fifteen days after the filing of the declaration the defendant must file an affidavit of defense setting up the facts, denying the plaintiff's title and showing his own title.   The burden is placed upon him of showing either that the ownership set up by the plaintiff does not exist or that if the plaintiff be the owner that he is nevertheless not entitled to possession by reason of a lien or other facts sufficient to justify the defendant's possession.   It is not necessary that the plaintiff anticipate the defense which may be set up and traverse it; to do so would tend to confusion and reverse the logical order of proof.   The plaintiff may not, and is not bound to, know what justification will be presented by the defendant.   If he set forth an absolute or qualified property and the facts upon which his title is based, the defendant must reply by averment of matters sufficient to establish his title or to justify his possession.   An issue is thus made up under which the court and jury will determine the rights of the parties.   If the plaintiff in his declaration suggest the reason for the defendant's course of conduct in taking the property the order of proof is not thereby changed.   He has gone further than the exigency of the situation required and it is not his duty to reply to the position which he believes the defendant will assume.   By so doing the declaration would become an affidavit of defense to an affidavit of defense and the procedure prescribed by the act of 1901 would be reversed.   The plaintiff has not admitted in his statement that the seizure was a distraint for rent. There is merely the averment that, so far as the plaintiff has been able to understand, the defendants justify their action on the ground that the plaintiff was a tenant and there was rent in arrear.   The assumption of the demurrer that the proceeding

was a distress for rent does not bring the fact of a seizure for rent into the plaintiff's statement; nor can the sufficiency of the statement be thus attacked. There was nothing in the præcipe or writ to show that the defendants were proceeding on a seizure for rent nor do the references to the acts of the defendants in the statement and amended statement amount to an assertion that the defendants had distrained the goods. They are at most expressions of surmise or belief that the defendants claim to have so acted. If it be conceded that the statement originally filed was defective in that it did not set forth the title under which the plaintiff claimed that objection was met in the amended statement where the title and the circumstances under which the property was held by the plaintiff were sufficiently set forth. Inasmuch, then, as a good title was averred and a wrongful seizure set forth, the plaintiff was entitled to an affidavit of defense presenting facts sufficient in law to entitle the defendant to a retention of the goods.

This conclusion disposes of the case without a consideration of the effect of a payment by the plaintiff on the ground rent charge.

The judgment is reversed, the demurrer is overruled and a procedendo awarded.