Opinion by
Henderson, J.,
It is clear that a landlord could not give a claim property bond in an action of replevin and retain the tenant’s goods seized on a warrant of distress prior to the act of 1901. Such was the decision in Baird v. Porter, 67 Pa. 105, and Cassidy v. Elias, 90 Pa. 434. The reason is that the landlord has neither a general nor special property in the goods, nor an immediate right of possession. When a writ of replevin was served on the landlord it was his duty to deliver up the property in accordance with the mandate of the writ, and in place of the goods he obtained the security of the bond given to the sheriff, for the sufficiency of which the sheriff was responsible. By the giving of the bond the property was released from the landlord’s claim and remained subject to the control of the owner: Frey v. Leeper, 2 Dali. 131; Gray v. Wilson, 4 Watts, 39. The object of this writ as applied to a distress for rent was to restore the property to the owner and to remit the landlord to his remedy on the bond in which the plaintiff obligates himself to prosecute his suit and to return the property distrained in the event that the landlord’s right should be established in the action. On receiving the security it became the duty of the sheriff to restore the things distrained to the tenant. The goods after seizure were a pledge merely for the payment of the rent and by the replevin the security in the bond was substituted for them and the pledge released. A distress for rent is a summary remedy having the features of an execution and is a process merely for the enforcing of the claim. Any defense against the distrainor’s right must be asserted in the action of replevin as provided by the Act of March 21, 1772, 1 Sm. L. 370: Esterly Machine Co. v. Spencer, 147 Pa. 466, 470. Does the Act of April 19, 1901, P. L. 88, change the practice in this respect? It is entitled, *440 “An Act relating to replevin and regulating the practice in cases where the writ of replevin is issued.” It contains no provisions in relation to the right of distress nor mode of procedure in cases of controversy between landlord and tenant. It is the act of 1772 which provides for the sale of goods distrained for rent and which gives to the tenant a remedy for a wrongful seizure. The third section of the act of 1901 authorizes the defendant within seventy-two hours after the goods or chattels have been replevied to file a “counter.bond,” but this is the claim property bond which the law theretofore permitted. The object of the action is to establish title. This is recognized in the first section of the act which requires any person applying for a writ of replevin to first execute and file with the prothonotary of the court a bond conditioned that if he fail to maintain his “title” to the property replevied he shall pay to the party thereto entitled the value of such goods and the person found in possession of the property is to be served by the sheriff and made a defendant in the action. Under the provisions of the third section any person making affidavit that the goods replevied “belong to him” may be made a defendant in the suit. These provisions are in harmony with the then existing practice and were evidently not intended to introduce a new system. The proceeding rests upon the assertion of title absolute or special or an immediate right of possession as under the act of 1705. The appellant does not allege in her petition that she is the owner of the property. On the contrary, it appears that she is not the owner; that her only interest is that of a landlord asserting a claim for rent. She has neither general nor special property in the subject of the distress, and the act of 1901 does not invest her with a right as to the filing of a counter bond which she would not have had before that statute was enacted. The effect of giving such bond would be to convert the property to the defendant, subject under the act of 1901 to the election of the plaintiff, but it never has been the policy of the law to take from a tenant his title to *441 property seized for rent until there had been an adjudication that he was in arrears and only then by public sale in accordance with law. We think there is no evidence in the act of 1901 that it was the intention of the legislature to change the law in this respect. The case of Drumgoole v. Lyle, 30 Pa. Superior Ct. 463, is not an authority for a contrary conclusion. That case involved the sufficiency of the plaintiff’s statement. It was there held that the act of 1901 does not except from its application any action of replevin distinguishable from others because of the particular facts out of which it arises. But the question now before us was not in any way involved. The writ of replevin is still the remedy by which a tenant asserts his right against a wrongful distress and the law has not been changed as to the right of a landlord to give a claim property bond for the property seized on a claim for rent in arrears.
The order is affirmed.