## McCrary, Appellant, *v.* McCully.

*Replevin—Landlord and tenant—Act of April 19, 1901, P. L. 88 (Replevin Act)—Statement of demand—Averment of title.*

The Act of April 19, 1901, P. L. 88 (Replevin Act) applies to writs of replevin issued by tenants against landlords where goods are distrained for rent.

But, from the differences inherent in their natures, some distinctions exist between such actions and ordinary actions in replevin to determine the ownership of a disputed chattel. A landlord cannot give a counterbond and retain possession of the distrained property, because he does not claim adverse possession to or ownership of the goods in suit, but only a lien upon them for his rent, by virtue of his distraint.

On the other hand, the plaintiff in such replevin action need only aver his ownership of the goods and their unlawful taking and retaining by the defendant in order to make a prima facie case. He is not required to set forth, at length, the source of his title, for the ownership is not disputed and the lien ordinarily applies, irrespective of the title.

464, (1921).]     Syllabus—Statement of Facts.

In such case if the plaintiff goes further and alleges facts in the nature of a reply to the position he believed would be assumed by the defendants, they will be regarded as surplusage and judgment should not be entered for the defendants on demurrer to the statement alleging insufficiency in such unnecessary averments.

Argued October 21, 1920.     Appeal, No. 89, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 2306, sustaining demurrer to plaintiff's statement in case of Sims McCrary v. John E. McCully, administrator of the goods and chattels of Annie Monroe, deceased, and Charles W. Slemmer, bailiff.     Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.     Reversed.

Replevin for household goods.

Plaintiff's amended statement averred not only the unlawful taking of his goods and chattels, as described in the writ, by the defendants, but also that he was the owner in fee of the premises in which they were located at the time of such taking, 1543 Thompson Street, Philadelphia, by deed dated February 20, 1919, and lodged for record in the office of the recording of deeds of Philadelphia County for which and the adjoining property, 1545 Thompson Street, he had paid a consideration of $5,700; that such goods had been unlawfully seized by defendants on December 9, 1919, under a distress for rent alleged to be due amounting to $260; that no rent was due at the time of said levy by plaintiff to the said defendants, or any other person.

The defendants demurred to the statement on the following grounds:

1. Plaintiff has failed to aver who was the grantor in the alleged deed dated February 20, 1919.

2. Plaintiff has failed to aver by whom the deed was signed, and if signed, whether the same was sealed, and by whom.

3. Plaintiff has failed to attach to his statement a copy of the deed whereby he claims to hold title to said

premises, so that the court may judicially determine its validity.

4. Plaintiff has failed to aver when the consideration of $5,700 was paid, and to whom said consideration was paid.

*Error assigned* was the order sustaining the demurrer and entering judgment for the defendants.

*Albert E. Peterson,* and with him *Oliver W. Payran,* for appellant.

*H. James Sautter,* and with him *John E. McCully* and *Thomas G. Hawkes,* for appellee.

Opinion by Keller, J., March 5, 1921:

This was an action of replevin for goods seized under a distress for rent. Under the practice in force in such cases prior to the Replevin Act of April 19, 1901, P. L. 88, the plaintiff filed his narr. or declaration averring that defendants on a day named, took and unjustly detained certain of his goods and chattels, describing them. The landlord thereupon filed his avowry (and the bailiff his cognizance) justifying the taking as a distress for rent under a lease for the dwelling in which the goods were contained, setting forth its terms and the rent due and in arrear. The plaintiff then filed his plea traversing the demise or averring no rent in arrear or setting up such other defense as he might rely upon.

The Act of 1901 provides for a different practice. The plaintiff is required to file a "declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based," and the defendant must within fifteen days after the service of such declaration file "an affidavit of defense thereto setting up the facts denying plaintiff's title and showing his own title to said goods and chattels."

We have held that the Act of 1901 applies to writs of replevin issued by tenants against landlords where goods are distrained for rent: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; but from the differences inherent in their natures, some distinctions still exist between such actions and ordinary actions in replevin to determine the ownership of a disputed chattel. Thus the landlord has no right to give a counterbond and retain possession of the distrained goods: Pickering v. Yates, 51 Pa. Superior Ct. 436. This is because he does not claim adverse title to, or ownership of, the goods in suit, but only a lien upon them for his rent by virtue of his distraint.

In such cases, therefore, the plaintiff in the replevin action need only aver his ownership of the goods and their unlawful taking and detaining by the defendant to make out a prima facie case: Drumgoole v. Lyle, supra. He need not anticipate the defense that may be set up and traverse it: Ibid, p. 467. Nor need he set forth the source of his title, or the facts upon which it is based, at length or in detail, for the ownership of the goods is not disputed and the lien of the distress applies ordinarily irrespective of title. The defendant thereupon files an affidavit of defense in the nature of an avowry or cognizance, not denying the plaintiff's title to the goods or claiming ownership but setting forth the facts justifying their seizure under a distress for rent. The case is then at issue without the filing of a plea by the plaintiff or further pleadings customary under the old practice.

The plaintiff in this case averred his ownership of the goods and chattels in suit as fully and sufficiently as he would have been required to do under the old practice, and also their unlawful taking and detention by the defendants. This was all that he was required to aver to sustain his action. It is only where there is a dispute as to the actual ownership of goods that the facts on which the plaintiff's title to the goods and chattels is based need be more fully and concisely stated. The form

of the action in this case showed that it was founded on a distress for rent.

It is true that the plaintiff also went further than was required and averred facts which were in the nature of a reply to the position he believed the defendants would assume: Drumgoole v. Lyle, supra, p. 467; but this may be regarded as surplusage. In any event informality as to such unnecessary averments cannot defeat his action without a trial if his declaration sufficiently states a good cause of action irrespective of them.

The grounds for the demurrer filed by the defendants related entirely to such unnecessary and premature averments, and the judgment for the defendants on the demurrer disposed of the title to the goods and chattels in suit on what was at that stage of the case an immaterial matter. It may become material after the defendants have filed their affidavit of defense in the nature of an avowry and cognizance, but the issue then and at the trial will be, not title to or ownership of the goods, but whether they were lawfully seized under a distress for rent due and owing.

No opinion was filed by the court below so we do not have the benefit of the reasons which induced the entry of the judgment.

The judgment is reversed with a procedendo.