## Fedel v. Miller et ux.

*Replevin—Household goods of wife—Contract of husband—Vendor and vendee—Statement of claim—Affidavit of defence.*

1. Where a statement of claim in replevin avers that the goods replevied are the property of plaintiff, a married woman, and purchased with her own funds, an affidavit of defence is insufficient which avers that defendants have no means of knowing whether plaintiff or her husband, or both, are the real owners of the property and demand proof.

2. Where a husband contracts to purchase real estate, paying a small sum as hand-money, and the vendor, pending final settlement, permits household goods of the vendee's wife to be placed in a dwelling on the premises, the vendor, after breach of contract by the husband to complete the purchase of the land, cannot replevy such goods of the wife.

3. In such case there was no lien for storage.

4. A set-off is not admissible in an action of replevin.

Replevin. Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence. C. P. Jefferson Co., Aug. T., 1921, No. 190.

*Brown & Means*, for motion; *M. M. Davis*, contra.

CORBET, P. J., Jan. 18, 1922.—Replevin for numerous articles of household goods and chattels. The goods were replevied and the defendants duly served. They filed no counter-bond within the prescribed time, and the goods were delivered and turned over to the plaintiff.

Plaintiff in her declaration avers, among other things, that "all of which articles of personal property belong to and are owned by the said Cornelia Fedel, the plaintiff, who purchased them with her own funds." This was all

that was necessary: McCrary v. McCully, 75 Pa. Superior Ct. 464; Commercial Car Co. v. W. H. Murphy & Sons, 50 Pa. C. C. Reps. 190; 30 Dist. R. 858.

The eighth paragraph of the affidavit of defence sets forth: "The defendants have no knowledge or means of knowing whether the plaintiff or her husband, or both, are the real owners of the property replevied; that they can neither affirm or deny the facts and demand proof thereof at the time of the trial." This is insufficient, and may be treated as conceding the matter thus averred in the declaration: Buehler v. United States Fashion Plate Co., 269 Pa. 428.

The defence the defendants interpose by their affidavit of defence may be summarized as follows, namely: That defendants on May 17, 1921, by article of agreement, sold to Louis Fedel, plaintiff's husband, three lots or pieces of land in Winslow Township for $1100, of which grantee paid hand-money $25, and the balance was payable on or before June 1, 1921, when possession was to be given. That on the date said contract was made, Louis Fedel, in conjunction with his wife, the plaintiff, sought and obtained permission from the defendants to store their household goods in the dwelling on the purchased premises, then occupied by defendants, and did, on or about May 17, 1921, so store them. That defendants made request of plaintiff and her husband to fulfill the agreement of purchase and go into possession June 1, 1921, but the request was denied by them. That plaintiff and her husband fraudulently formed a plan to rescind his purchase of the real estate, he being insolvent, intending it never should be paid for, and by this plan to avoid the purchase and to secure their household goods stored on the premises as the property of the plaintiff, without compensation to defendants for storage-room, time and trouble, vexation and annoyance, by reason of the sale and storage of the property. That defendants claim from the plaintiff $25 for the storage of the goods, and are entitled to full costs of suit and $700 damages for breach of contract.

It is clear the ownership of the personal property in question, or the right to its possession, has no relation whatever to the real estate deal mentioned by defendants, and that no claim for a breach of the latter is chargeable upon the personal property in suit, or would warrant or justify the defendants in holding it as security therefor. Defendants do not deny plaintiff's ownership of the household goods. They do not deny they detained them from her. They merely seek to justify the detention. We have not been shown, nor do we see, any reasonable, rational or legal reason which in any way supports the contention that for a breach of the husband of his agreement to purchase the lots—and he alone is the party with whom defendants dealt in that respect—the defendants could seize and hold the plaintiff's household goods. One may not thus take the law into his own hands. We do not think this a legitimate ground for the detention. Nor do we think defendants' position either bettered or strengthened by the fraud alleged. A set-off is not admissible in an action of replevin: Guernsey v. Moon, 46 Pa. Superior Ct. 645; C. H. Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399; Ford C. B. & M. Co. v. Hess's Estate, 55 Pa. Superior Ct. 587; Kennedy v. McSorley, 68 Pitts. L. J. 855. The refusal of Louis Fedel to consummate his purchase cannot be held to constitute a fraud, and his breach, as has been indicated, was no justification for defendants' seizure and detention. Pleadings other than those prescribed by the Act of April 19, 1901, P. L. 88, are improper: Stern v. Yates, 25 Dist. R. 474.

It is alleged by defendants that plaintiff's husband, in conjunction with his wife, sought and obtained permission from defendants to store their household goods in the dwelling on the purchased premises then occupied by the

1 D. & C.

Fedel v. Miller et ux.

defendants, and did so store them. By reason of the agreement and payment of hand-money, the husband had an equity in the lots, although not the present right to possession. No express bargain is alleged whereby plaintiff or her husband were to pay for the privilege, nor do we think the circumstances stated would justify any implication of an obligation of that kind. If defendants wanted to convert the permission into a contract, they should have withdrawn their permission and notified plaintiff and her husband that if the goods remained they would be subject thereafter to a charge for storage. Plaintiff and her husband did not relinquish their possession of the goods, nor put the defendants in possesssion of them, merely by storing them in the dwelling. Defendants were not warehousemen, nor in any way entitled to a lien on the goods for storage that we can see, and if they seized and detained them, they were wrongdoers. Where defendant has a lien only, his remedy is on the plaintiff's bond: Pickering v. Yates, 51 Pa. Superior Ct. 436; McCrary v. McCully, 75 Pa. Superior Ct. 464; Burgert v. Fitch, 16 Lacka. Jurist, 158; Shreiner v. Kauffman, 34 Lanc. Law Rev. 179; Banks Con. Co. v. Harwood-Barley Manuf. Co., 19 Luzerne Legal Reg. 47; Lyons v. Wymbs, 20 Lacka. Jurist, 171; Automobile Securities Co. v. Forepaugh, 68 Pitts. L. J. 12; Moore v. Wilson, 37 Lanc. Law Rev. 351.

If there were a lien accompanied by possession by the defendants, a conditional verdict might be entered under section 6 of the Act of April 19, 1901, P. L. 88, which would transfer the lien from the chattels to the bond, which stands in lieu of them: Young v. Couche, 52 Pa. Superior Ct. 592.

If there be a contract and its terms negative the theory of a lien in defendant's favor, plaintiff is entitled to judgment: Standard Accident Ins. Co. v. Edwards, 13 Lacka. Jurist, 183.

Defendants do not allege any facts which establish a lien in their favor on the goods in suit, either statutory or contractual; hence, plaintiff is entitled to judgment. The judgment should be in favor of the plaintiff and against the defendants: Painter v. Snyder, 22 Pa. Superior Ct. 603; Miller v. Douglas, 32 Pa. Superior Ct. 158; Westinghouse Co. v. Harris, 237 Pa. 203; Salant & Salant v. Miller, 11 Del. Co. Reps. 256.

And now, Jan. 18, 1922, the rule to show cause is made absolute, and judgment is entered in favor of the plaintiff and against the defendants.

From Raymond E. Brown, Brookville, Pa.