## Gifford Motor Car Company, to use, v. Orr et al.

*Replevin—Re-examination—Set-off—Claim property bond — Independent subject-matter.*

1. Issues tried and determined in an action of replevin cannot be presented for re-examination in an action on the counter-bound.

2. Set-off may be pleaded in a suit on the claim property bond, but the subject-matter of the set-off must be independent of the issues in the replevin action.

*Contracts—Bailment—Fraud—Rescission.*

3. One who alleges he was induced to enter into a bailment contract by reason of false representation will, nevertheless, be held bound unless, after learning the truth, he promptly rescinds the contract and gives notice thereof to the other party.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Erie Co., Feb. T., 1923, No. 13.

*Gunnison, Fish, Gifford & Chapin,* for plaintiff.

*Brooks, English & Quinn,* for defendants.

HIRT, J., Aug. 3, 1923.—Gifford Motor Car Company, for the use of Commercial Trust Company, issued a writ of replevin against Sydney L. Davis to recover an automobile leased to him. Davis retained possession of the property by filing a counter-bond, which is the subject of suit in this case. On the trial of the case, the jury found for the defendant, but on Aug. 4, 1922, judgment was entered for plaintiff n. o. v. for the value of the car. The uncontradicted testimony at the trial showed that the automobile, when replevied, was worth $1000. Plaintiff, however, disclaimed any right to a verdict in excess of $625, and, accordingly, judgment was entered for plaintiff for that amount. In the trial of the case, defendant attempted to set off against plaintiff's claim damages alleged to have been sustained by him by reason of the fact that the car leased to him was a 1917 model, whereas, under the agreement, he was to receive a 1918 model. He also attempted to set off against

plaintiff's claim the value of certain accessories which he alleges plaintiff agreed to deliver. In entering judgment n. o. v., we refused to allow these items of set-off and entered judgment for the value of the car, less the amount disclaimed by plaintiff.

Defendants, having purchased by assignment from Sidney L. Davis his claim against plaintiff, seek in this case to set up the same defence to an action on the bond which was attempted to be set up against the claim in the replevin action.

The Act of April 19, 1901, P. L. 88, 89, provides that the counter-bond given by defendant on retaining possession of the property shall be conditioned that if he shall fail to maintain his title to the goods, he shall pay the party thereunto entitled the value of said goods and all legal costs, fees and damages sustained by him. The bond on which suit has been brought in this case is in the language of the act, and defendant having retained the automobile, he and his sureties, under the terms of their bond, are bound to pay plaintiff the value of the machine, with damages for retention. When defendant filed a counter-bond, there were two issues in the replevin action, the title to the property, and if in plaintiff at the time of the issuance of the writ, the value thereof with damages. On these issues the judgment in the replevin action determined two things: First, that the title to the automobile was in plaintiff at the time of the issuance of the writ; and, second, that the value thereof, with damages (computed as equal to interest at 6 per cent.), amounted to $625. These two questions, therefore, are res adjudicata, and the issues tried and determined in the replevin suit cannot be presented for re-examination in this action on the replevin bond: 23 Cyc., 1342; Cox v. Hartranft, 154 Pa. 457.

Set-off may be pleaded in a suit against the defendant and his sureties on the claim property bond, but the subject-matter of the set-off must be independent of the issues in the replevin action. In this, defendants have failed here. They are attempting to set up as a defence, not that the machine was not worth the amount established by the judgment, but that their principal was entitled to receive one more valuable.

The difficulty here, as in many of the cases in which contracts of this nature are in litigation, is that Davis considered his transaction with the auto company a sale, whereas it is in fact a bailment, and he would have the bailment contract shorn of its legal attributes to enable him to recover those damages to which he would have been entitled if the transaction had been a sale. To accomplish this, he has adopted the wrong course of action. His remedy, upon discovery that the property bailed to him was not of the kind which the motor-car company agreed to deliver, was to rescind the agreement by reason of breach of the terms thereof, redeliver the car to the motor company and demand a return of the money paid by him. "One who alleges he was induced to enter into a contract by reason of false representations will, nevertheless, be held bound unless he avers and proves that, after learning the truth, he promptly rescinded the contract and gave notice thereof to the other party:" Commercial Car Co. v. Murphy & Sons, 275 Pa. 105.

### Order.

And now, to wit, Aug. 3, 1923, the rule granted Nov. 27, 1922, on plaintiff's motion for judgment for want of a sufficient affidavit of defence, is made absolute, and the prothonotary is directed to enter judgment against the defendants and in favor of Commercial Trust Company, use-plaintiff, in the sum of $625, with interest from Aug. 4, 1922.

From Lytle F. Perry, Erie, Pa.