Wolcoff *v.* Edith L. Aguero et al.

Argued November 12, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Thomas O. Haydock*, and with him *Albert G. F. Curran*, for appellant.

*B. D. Oliensis*, for appellee.

Opinion by Gawthrop, J., January 30, 1931:

This was an action of replevin for goods seized under distress for rent. Plaintiff's declaration averred his absolute ownership and his possession of the goods and chattels in suit, and that they were wrongfully and unlawfully seized and taken out of his possession by defendants. The affidavit of defense filed by defendants averred that the goods and chattels were located on premises occupied by plaintiff under a lease from one McCormick (not one of defendants), when the defendant Aguero, by her bailiffs, the other defendants, rightfully and legally levied and distrained upon them for rent in arrear in the amount of $575 due by plaintiff to the defendant Aguero, landlord. At the trial it was "agreed by counsel for plaintiff and counsel for defendant that on the 3rd day of August, 1916, a constable's distraint was made on the goods set forth in paragraph 2 of the plaintiff's state-

ment of claim," and plaintiff proved his ownership of the goods and chattels. After the above admissions and proof plaintiff rested. Defendant offered no evidence and points for binding instructions were submitted in behalf of plaintiff and defendants. The court held that plaintiff had failed to make out a case, affirmed defendant's point and found for defendants in the amount of the rent in arrear, with interest. Subsequently the court entered judgment for plaintiff non obstante veredicto, and the defendant landlord brings this appeal.

The question presented is whether the burden was on plaintiff to prove an illegal distress, or that there was no rent in arrear. We have held that the Replevin Act of April 19, 1901, P. L. 88, applies to writs of replevin issued by tenants against landlords where goods are distrained for rent, and that in such cases the plaintiff in the replevin action need only aver his ownership of the goods and their unlawful taking and detaining by the defendant to make out a prima facie case; and that he need not anticipate the defense that may be set up and traverse it. See Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; McCrary v. McCully, 75 Pa. Superior Ct. 464. In the latter case our Brother KELLER, speaking for the court, said: "The defendant thereupon files an affidavit of defense in the nature of an avowry or cognizance, not denying the plaintiff's title to the goods or claiming ownership, but setting forth the facts justifying their seizure under a distress for rent." In the Drumgoole case Judge HENDERSON said: "An affirmation of absolute ownership ...... would ordinarily be sufficient to present a prima facie case in favor of the plaintiff." We think that when plaintiff proved ownership of the goods and chattels and put on the record the agreement of the respective counsel that the defendant landlord distrained upon them for rent, he had made out a prima facie case

and the burden was on the landlord to justify the seizure under her distress for rent. This she failed to do. The issue at the trial was whether plaintiff's property was lawfully seized under a distress for rent due and owing. The landlord had the burden of justifying the distress admittedly made by proving that plaintiff was in arrears for rent. It follows that the court below was·justified in entering judgment for plaintiff notwithstanding his previous finding for defendants.

Appellant contends that the court below should have granted a new trial instead of entering judgment for plaintiff. She states that she did not offer any evidence to justify the distress, because she relied on the statement of the trial judge made prior to his passing upon the points, that he would hold that plaintiff had failed to make out a case. In the court below she elected to stand squarely upon the case as made out by plaintiff, by asking for binding instructions at the close of his case. When his point for binding instructions was presented, defendants' counsel had notice that a record was being made on which the court could decide the case upon a question of law and enter a final judgment on the record as it then stood. The record shows no ground upon which the court would have been justified in awarding a new trial. Appellant must stand upon the record as she made it at a trial which occurred more than thirteen years after the suit was brought. The litigation should be ended now.

The judgment is affirmed.