## Obuchowski v. Phillips, Constable, et al.

*E. F. McGovern*, for plaintiff; *John Dando* and *A. J. Laffey*, for defendants.

VALENTINE, J., August 28, 1931.—Plaintiff issued a writ of replevin for certain household goods which had been levied upon by the defendant under and by virtue of a landlord's warrant, issued by plaintiff's landlord, Julia L. Dydynski.

Defendants have moved to quash the writ upon the ground that the goods were, at the time of the issuance of the writ of replevin, "in the lawful custody of these defendants" under and by virtue of the levy made pursuant to a landlord's warrant.

The Replevin Act of April 19, 1901, P. L. 88, applies to writs of replevin issued by tenants against landlords where goods are distrained for rent. A landlord cannot give a counterbond and retain possession of the distrained property, because he does not claim adverse title to or ownership of the goods in suit, but only a lien upon them for his rent by virtue of his distraint: McCrary *v.* McCully, 75 Pa. Superior Ct. 464; Drumgoole *v.* Lyle, 30 Pa. Superior Ct. 463.

In Bartikowsky *v.* Boylan, Sr., 14 Luz. L. R. 154, the court refused to quash a writ of replevin on motion of the defendant upon the ground that the property replevied was in the hands of the law, namely, in possession of the representative of the landlord in distraint proceedings.

The authorities cited are decisive of the present controversy.

Rule to quash the writ of replevin is discharged.

From Frank P. Slattery, Wilkes-Barre, Pa.