Commonwealth, to use, *v.* Breckenridge (et al., Appellant).

Argued April 14, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*John F. Budke,* with him *George M. O'Hora,* for appellant.

*Robert M. Dale,* for appellee.

Opinion by Kenworthey, J., July 16, 1943:

The action is on a replevin bond by a landlord against his tenant's sureties. Judgment was entered for plaintiff after an order overruling an affidavit of defense raising questions of law and defendants' failure to plead over. One of the sureties appeals.

The pleadings established the facts as follows: Plaintiff-landlord distrained for $2,835 rent. The tenant then brought an action of replevin pursuant to the Act of 1901, April 19, P. L. 88, as amended, 12 PS §1824 et seq. The bond on which appellant was surety was conditioned "that if ...... [tenant] ...... fail to maintain his title to the goods and chattels ...... he shall pay to the party thereunto entitled the value of said goods ......"[1] and the goods were delivered to the tenant. At the trial of the replevin action the jury returned the following verdict: "...... [tenant] ...... is indebted to ...... [landlord] in the sum of $738 ...... and the ...... [landlord] ...... return ...... the office equipment levied on ...... Value of the goods $800." A special finding established the rent due at the time of the distraint as $738. The present action is for this amount, interest and costs.

The nature of replevin actions growing out of distraint proceedings is well established. *McCrary v. Mc-Cully,* 75 Pa. Superior Ct. 464; *Sork v. Làbel,* 133 Pa. Superior Ct. 169, 173, 2 A. (2d) 521. Ownership of the goods is not in dispute. The landlord claims only

---

[1] Literally complying with Section 1 of the Act.

a lien and the sole issue is the amount of rent due and owing. Section 6 of the Act of 1901, 12 PS §1840, provides: "If any party be found to have only a lien upon said goods and chattels, a conditional verdict may be entered, which the court shall enforce in accordance with equitable principles." And the present verdict is readily understandable and easily molded to comply with the Act. See *Park v. Holmes,* 147 Pa. 497, 23 A. 769. It was the usual form of conditional verdict: Landlord to give up the goods to the tenant (which had already been done when the bond was filed) and tenant to pay $738 rent. See *Moyer v. Frankford Crate Co.,* 133 Pa. Superior Ct. 323, 2 A. (2d) 587; *Baranofsky v. Weiss,* 120 Pa. Superior Ct. 126, 182 A. 47.

Appellant contends the verdict proves the plaintiff's distraint was excessive and that his landlord's lien was thereby lost. Without the support of the lien, the money verdict would be in the nature of a set-off which is not sustainable in replevin. *Mitchell v. Standard Repair Co.,* 275 Pa. 328, 119 A. 410. But, although excessive distraint gives rise to a cause of action (*Givens v. W. J. Gilmore Drug Co.,* 337 Pa. 278, 10 A. (2d) 12; *Thomas v. Gibbons,* 21 Pa. Superior Ct. 635), for purposes of a replevin action such evidence is inadmissible and has no effect on the landlord's lien for the rent due. *Karns v. McKinney,* 74 Pa. 387; *Jimison v. Reifsneider,* 97 Pa. 136.

Appellant also contends that he never became liable for payment of the rent because the condition of the bond that the tenant maintain his title to the goods was met. The argument is ingenious but without merit. Theoretically, the jury's verdict which awarded the goods to the tenant had the effect of establishing *legal* title in him. But one of the attributes of title in the broad sense is the right to unconditioned, immediate possession. He failed to maintain his title in this sense because the jury's verdict was conditioned upon

his payment of a sum of money to the landlord; his right to possession was conditioned upon his discharge of the landlord's lien. We think it clear that the condition of the bond contemplated the establishment by the tenant of a title free and clear of the landlord's lien. This he failed to do. And when the bond was substituted for the chattel, the landlord's lien shifted (*Frey v. Leeper*, 2 Dallas 131) to the bond which stood in its place. *Young v. Couche*, 52 Pa. Superior Ct. 592, 597. Formerly replevin bonds were conditioned upon plaintiff's prosecuting 'with effect' or 'according to law' or 'making good his claim' and the obligation was construed to extend to money judgments similar to the one in question. *Barr v. McGary*, 131 Pa. 401, 19 A. 45; *Cox v. Hartranft*, 154 Pa. 457, 26 A. 304; *Balsley v. Hoffman*, 13 Pa. 602.

The judgment is affirmed.