Wensel, Appellant, *v.* Reed.

Argued October 14, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*P. B. Rhoads,* for appellant.

*H. W. Lightstone,* for appellee.

Opinion by Arnold, J., November 12, 1947:

Plaintiff filed affidavit of value and statutory bond in the sum of $1370.00 and issued a writ of replevin to obtain possession of an automobile held by the defendant. No declaration was then filed. The defendant promptly gave a counterbond and retained possession of the vehicle.

Stopping at this point, if the defendant intended to stand upon a lien he had no right to give a counterbond and keep possession, for his lien was fully protected by the plaintiff's bond:[1] *McCrary v. McCully,* 75 Pa. Superior Ct. 464; *Pickering v. Yates,* 51 Pa. Superior Ct. 436.[2] Indeed in *Cassidy v. Elias,* 90 Pa. 434, it was held that the giving of a counterbond estopped the defendant in replevin from thereafter claiming possession by virtue of a lien.

Defendant having thus retained possession, plaintiff filed a declaration and defendant entered a demurrer on which judgment went for him, and plaintiff appeals.

---

[1] The Rules of Civil Procedure, effective January 1, 1947, §1076, expressly provide this, but the comment (Goodrich-Amram, page 192) is correct in stating that this express provision is but declaratory of the existing law under the Replevin Act of 1901, and prior to that Act: *Baird v. Porter,* 67 Pa. 105, *Cassidy v. Elias,* 90 Pa. 434.

[2] There is nothing in *Drumgoole v. Lyle,* 30 Pa. Superior Ct. 463, contrary to this rule.

Plaintiff pleaded that he was the owner of the automobile and held a certificate of title therefor, and that the defendant had possession thereof and would not give it up. Thus far the declaration was unimpeachable. The pleading then set up that defendant refused to let plaintiff have the vehicle unless a repair bill thereon was paid; but that the repairs were occasioned by prior repairs negligently made by the defendant which caused the vehicle to wreck, requiring the repairs in question. The *amount* of defendant's bill or claim was not stated in the declaration, nor was it admitted to be correct.

The court below sustained the demurrer on the theory that under plaintiff's declaration defendant had an artisan's lien which had not been waived. This was error. The defendant had not, *by any pleading,* asserted that he was claiming possession because of an unpaid lien. The giving of a counterbond by the defendant was a strong indication that he could not assert a lien. See *Young v. Couche,* 52 Pa. Superior Ct. 592, and *Commonwealth, to use, v. Breckenridge,* 153 Pa. Superior Ct. 80, 33 A. 2d 524. Even if defendant could successfully assert such a lien, the correct amount thereof, not having been admitted by the plaintiff, would have to be determined. In addition, the court entered a general judgment for the defendant, and a defendant in replevin standing upon a lien is not entitled to such a judgment, but only a conditional one, both under §§6 and 7 of the Replevin Act of 1901, 12 PS §§1840 and 1841, and Pa. R. C. P. Nos. 1084 and 1085.[3]

At most plaintiff merely anticipated a defense and should not be turned out of court for pleading imperfectly that which he need not plead at all. Such anticipated defense may have been either (a) that the defendant did not have any general or special property or right of possession, but at most a lien; or (b) that the defendant having given the counterbond, could not

---

[3] With them see No. 1076.

assert such lien since his refusal of possession was only because of his claim to a lien.

Since the case must go back to complete the pleadings and for a possible trial under the issues then raised, we may point out several things. The subsequent pleadings and proceedings are now governed by and must conform to Pa. R. C. P. Nos. 1071 to 1085, which were effective January 1, 1947, and by order of the Supreme Court under date of June 25, 1946, apply to actions pending at that time. Both conditional verdicts and damages are provided for in these rules. If the defense is an artisan's lien there should be a special finding of the just and true amount of the lien. But if such a defense is pleaded, there has been an unjust detention of the vehicle by the defendant from the date of the service of the writ until the vehicle is delivered to the plaintiff: *McCrary v. McCully*, supra, *Pickering v. Yates*, supra, and *Cassidy v. Elias*, supra. In fact, if such defense is pleaded, defendant must immediately deliver the vehicle to the plaintiff without waiting for verdict. Assuming that such defense is pleaded, the plaintiff is entitled to have damages fixed for the unlawful detention by the defendant of the vehicle between the dates aforesaid, plus any damage or depreciation of said vehicle between said dates; and these should be fixed by special findings. On the question of special damages see *Armstrong & Latta v. City of Philadelphia*, 249 Pa. 39, 94 A. 455; Pa. R. C. P. No. 1085 and the Goodrich-Amram comment, page 201 et seq.; Woodward on Pennsylvania Law and Procedure in Replevin, §151 et seq. If these two items be specially found for the plaintiff, they should be allowed *by the court* as a credit on any artisan's lien of the defendant; if such lien is not established these items are, of course, damages for the plaintiff. The court below will also have to pass upon the question of whether the defendant, by giving the counterbond, is estopped from claiming a lien: *Cassidy v. Elias*, supra; or whether the Replevin

492

Act of 1901 changed the rule. This question was not and could not be argued on this appeal because no such defense had been asserted.

The judgment is reversed with a procedendo, and appellee is directed to file an answer in accordance with the Rules of Civil Procedure; subsequent proceedings to be in conformity with said rules and this opinion.