## Home Supply Company v. Mader

Before Weiss, Nixon and Drew, JJ.

Drew, J., dissents.

*Edward S. Sheinberg, Leonard M. Mendelson* and *Herbert G. Sheinberg,* for plaintiff.

*Joseph A. Cirillo,* for defendant.

NIXON, J., January 21, 1953.—On October 21, 1950, defendant purchased from plaintiff a television set, with outdoor antenna and a 90-day service agreement. The purchase was financed by means of a bailment lease, under the terms of which defendant was to pay $170 as a down payment and $50 per month thereafter until the total amount of $760 had been paid. Defendant alleges that the set was expressly warranted to receive a "clear and intelligible picture." After the down payment had been paid and the set installed, it failed to receive a picture as warranted. Plaintiff was given notice of this fact and promised to correct the condition. Defendant thereupon paid an additional $460 on November 19, 1950. Defendant further alleges that plaintiff failed to remedy the condition, and on November 30, 1950, defendant rescinded the contract and offered to return the set upon receipt of the amount he had paid. Plaintiff ignored the offer and brought this suit in replevin.

Under "New Matter" in his answer defendant asserts the breach of warranty and claims a lien on the set to secure the repayment of his purchase price, by virtue of section 69, par. 1 (d), 4 and 5 of the Sales Act of May 19, 1915, P. L. 543, 69 PS §314. He also filed a counterbond in order to retain the television set. Plaintiff subsequently filed a rule for judgment on the pleadings and a rule to show cause why defendant's counterbond should not be stricken from the record, to which defendant made no answer. Both rules were argued before this court en banc and are before us for disposition.

There are two issues to be decided:

1. Has defendant set forth a good and sufficient answer by asserting a breach of warranty by plaintiff, and claiming a lien on the property?

2. Where plaintiff instituted action in replevin with

bond may defendant, claiming only a lien on the property given him by the Sales Act, file a counterbond and keep the property?

The first question may be briefly answered. In Grago v. Vitale, 63 D. &. C. 87 (1947), the facts were very close to those in this case. There, too, a motion for judgment on the pleadings was made. In overruling and dismissing the motion, the court said, at page 87:

"It is true that a defendant in an action of replevin is not entitled to claim damages for a breach of warranty; Rule 1082(*a*) of the Rules of Civil Procedure relating to replevin expressly provides that no counterclaim may be asserted. The claim made by defendants, however, is not for damages for breach of warranty, but merely for the return of the purchase money paid and for a lien on the goods in that amount. Their right to assert such a claim is recognized by The Sales Act of May 19, 1915, P. L. 543, sec. 69, 69 PS §314, and by Pa. R. C. P. 1082(*b*) and (*c*)."

See also Penn Securities Company v. Sacco, 74 D. & C. 376, (1949).

The second issue here involved is more complex. First, it is well settled that the Sales Act of May 19, 1915, P. L. 543, 69 PS §1-339, does apply to the bailment lease type of transaction. See Demos Construction Co., Inc., v. Service Supply Corporation, 153 Pa. Superior Ct. 623; Sebastianelli v. Frank et ux., 108 Pa. Superior Ct. 550. The applicable section of the Sales Act is section 69, 69 PS §314, entitled "Remedies of buyer for breach of warranty." It reads:

"First. Where there is a breach of warranty by the seller, the buyer may, at his election, . . .

(d) Rescind the contract . . . and . . . if the goods have already been received, return them or offer to return them to the seller, and recover the price or any part thereof which has been paid. . . .

"Fourth. Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after an offer to return the goods in exchange for repayment of the price.

"Fifth. Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuse to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section fifty-three."

Section 53, 69 PS §282, states, inter alia, that an unpaid seller has "(a) a lien on the goods or right to retain them for the price while he is in possession of them." Therefore, the result is that the act clearly gives possession of the goods to the buyer under these circumstances. It contemplates that he may keep the goods until he is repaid the amount he has given to the seller. However, when we turn to the Pennsylvania Rules of Civil Procedure, we find that where one brings replevin with bond to gain possession of goods, rule 1076(*a*) forbids a lienholder to file a counterbond and keep possession of the goods. Thus it would seem that the Sales Act and the Rule of Civil Procedure are in apparent conflict. The one gives possession to the buyer, the other takes it away. Probably Pa. R. C. P. 1082 was intended to resolve the conflict, for subsection (*c*) states:

"If any party is found to have a lien upon the property the court may enter a conditional verdict in order to enforce the rights of all parties."

Such a conditional verdict would be one in which, in the instant case, plaintiff would be awarded the television set upon paying to defendant the amount found due. See Commonwealth, to use, v. Breckenridge 153 Pa. Superior Ct. 80. It will be noted, however, that the words themselves imply that defendant have the television set, in the first instance, to give to plaintiff.

There is one further reason which compels this court to reach the decision that the rule to strike off the counterbond should be dismissed, and that is the matter of security. The interest of defendant in this property amounts to the sum of $630. Plaintiff has set a value of $250 on this property and filed a bond in the sum of $500. Now, one of the reasons for refusing a lienholder the right to file a counterbond is that his lien will be fully protected by plaintiff's bond: Wensel v. Reed, 161 Pa. Superior Ct. 488: In this case that is clearly not so. Defendant's lien in the amount of $630 is not protected by a $500 bond. On the other hand, defendant's counterbond in the sum of $500 is more than sufficient to protect plaintiff's remaining interest in this property, which amounts to the sum of $130. Since the reason for the rule does not exist, the rule should not be applied.

This court is of the opinion that since the Sales Act states that return of the goods and repayment of the purchase price are to be concurrent transactions, and until such time the buyer may keep the goods; and since plaintiff will get possession of the television set as a result of the verdict, conditional or otherwise, at the end of the trial of this case; and since defendant's lien is not protected by plaintiff's bond, while plaintiff's interest is protected by defendant's counterbond, the rule to strike off the counterbond should be dismissed.