# Bankers-Commercial Security Co., Inc., Appellant, v. Greer and Knapp.

*Replevin—Answer—Averments of title—Sufficiency.*

In an action of replevin to recover possession of an automobile truck the plaintiff claimed under a lease duly assigned by the original vendor. The answer of the defendant denied the ownership of the plaintiff and averred that the defendant held under a lease from the original owner, similar to the lease of the plaintiff, and that the said owner was in possession of the truck at the time the lease was made. Under such circumstances, the case was for the jury, and it was not error for the court to refuse judgment for want of a sufficient affidavit of defense.

Argued December 8, 1919. Appeal, No. 272, Oct. T., 1919, by plaintiff, from order of C. P. No. 4, Phila. Co., June T., 1919, No. 107, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Bankers-Commercial Security Company, Inc., a corporation created by and existing under the laws of the State of New York, v. Austin G. Greer, Jr., Defendant, and George J. Knapp, Intervening Defendant. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Replevin for automobile.

From the record it appeared that on September 18, 1917, L. E. Watson Company leased a motortruck to

Austin G. Greer, Jr., and on the same date the lease and the rights thereunder were duly assigned and sold by L. E. Watson Company to the Bankers-Commercial Corporation, plaintiff herein. The lease provided for the payment of a monthly rental on the 18th day of each month during the 18-month period of the lease. The lessee defaulted in the payment of the rent and on April 23, 1919, a writ of replevin was issued and the property taken by the sheriff on the same date.

On April 24, 1919, a counterbond was filed by the defendant, George J. Knapp, and the property delivered to him. The sheriff found the automobile in the possession of the defendant, Knapp, who, after securing possession under a counterbond, filed two affidavits of defense in which he averred that on April 3, 1918, the L. E. Watson Company leased the truck in question to one John Knapp by virtue of a written lease similar to that under which the plaintiff claimed, and further averred that John Knapp, the original lessee, had died and that the defendant had been substituted as lessee, he being an heir at law of the original lessee.

The court below discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was the order of the court.

*C. W. VanArtsdalen,* for appellant.—The affidavit of defense was insufficient to deny the plaintiff's title: Heisley v. Economy Tool Co., 33 Pa. Superior Ct. 218; General M. T. Co. v. Phila. Paving Co., 248 Pa. 499; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582; Liveright v. Thornton, 56 Pa. Superior Ct. 611; Miller v. Jackson, 34 Pa. Superior Ct. 31; B. L. P. Motor Co. v. Walsh, 71 Pa. Superior Ct. 323; Carr v. Hughes, 71 Pa. Superior Ct. 412.

*A. E. Hurshman,* for appellee.—Possession by the defendant constituted prima facie evidence of ownership: Miller Piano Co. v. Parker, 155 Pa. 208.

The affidavit of defense was sufficient: Clow v. Woods, 5 S. & R. 275; The Bank of North America v. Penn Motor Co., 235 Pa. 194.

OPINION BY HENDERSON, J., February 28, 1920:

This is an appeal from a judgment of the Common Pleas, No. 4, Philadelphia, refusing a judgment for want of a sufficient answer in an action of replevin. We do not regard the case as so clear that it was the duty of the court to make the plaintiff's rule absolute. There is denial of ownership by the plaintiff and averment of ownership and continued possession by L. E. Watson Company up to the time when the latter executed the lease to John Knapp through whom the intervening defendant claims. There is a denial of knowledge as to the existence of the lease marked "Exhibit A" under which the plaintiff claims. There is the important averment that the title of the deponent comes from L. E. Watson Company, the owners of the machine by whom it was leased to the deponent's ancestor. The principle announced in Clow v. Wood, 5 S. & R. 277; White v. Gunn, 205 Pa. 229; and Bank v. Penn Motor Co., 235 Pa. 194, may have an application to the case, if the plaintiffs after an alleged purchase of the machine from L. E. Watson Company permitted it to remain in the possession of the seller and that company while so retaining possession sold or leased it to Knapp who acquired valuable rights with respect thereto. The evidence in the case may have an important bearing on the question of title. There is an express assertion that Watson Company were the owners and in possession of the machine at the very time Knapp leased, and the facts seem to be sufficiently set forth to raise the question suggested in the affidavits.

As between the plaintiff and the intervening defendant we are not convinced that a family arrangement among the heirs of John Knapp, deceased, might not vest in the appellee a standing which would give him the right to defend the action of replevin.   He has at least averred title in another than the plaintiff and the latter must recover on the strength of his own title.

The appeal is dismissed and the judgment affirmed at the cost of the appellant.