H. L. Braham & Co., Appellant, *v.* Surrell et al.

Argued October 12, 1934.

Before TREXLER, P. J., KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Thomas O. Haydock,* and with him *Albert G. F. Curran,* for appellant.

*Wayne P. Rambo,* and with him *J. Channing Ellery, Franklin L. Wright* and *Robert Mair,* for appellees.

OPINION BY KELLER, J., December 18, 1934:

The H. L. Braham & Co., appellant, issued a writ of replevin against W. W. Surrell and J. Albert Kramer to recover possession of an Auburn sedan automobile, serial No. 24469A, motor No. 5-8097. The sheriff replevied the car from Kramer, in whose possession he found it, and delivered it to the plaintiff.

Surrell was dead, and the writ, as to him, was returned "nihil habet."

The plaintiff filed a declaration, which did not comply with the directions of the Replevin Act of April 19, 1901, P. L. 88, Section 4, providing that the declaration shall consist of a concise statement, setting forth the facts upon which plaintiff's title to the goods and chattels is based. It contented itself with the bare averment "that on or about June 20, 1931, the plaintiff was the owner and lawfully possessed of the said Auburn automobile."

The defendant Kramer,—whom we shall hereafter refer to as the defendant, for he was the only party who appeared and defended—filed an affidavit of defense in which he denied that the plaintiff on June 20, 1931 was the owner and lawfully possessed of said automobile, and averred on the contrary that on that date, Teefy-Seltz Company, Inc., was the owner of and in lawful possession of said automobile, and that on or about that date, W. W. Surrell had purchased said automobile from Teefy-Seltz Co., the owner, and had paid for the same in full, and that possession of said automobile had been delivered by Teefy-Seltz Co. to Surrell, on or about that date. Defendant further averred in said affidavit of defense that on October 17, 1931 he had purchased said automobile from Surrell who was an authorized dealer of Auburn automobiles at Torresdale Avenue, Philadelphia, where he conducted and operated an authorized showroom of said Auburn Company, and that said automobile was delivered to defendant by Surrell at said showroom and defendant thereby became the owner of and entitled to possession of said automobile. A copy of his certificate of title was attached to the affidavit of defense.

Under the pleadings it became the duty of the plaintiff, in order to make out its case, to show the facts upon which its title to the automobile was based. This

was not a replevin following a distress for rent, in which the title to the goods is admitted in the tenant and only the right of the landlord to distrain upon them is in dispute: Drumgoole v. Lyle, 30 Pa. Superior Ct. 463; McCrary v. McCully, 75 Pa. Superior Ct. 464, 467; but rather one in which the plaintiff's title and ownership of the replevied car were flatly denied.

All that plaintiff did in fulfillment of this duty was to offer in evidence a 'bailment lease' dated June 20, 1931,—a copy of which was annexed to the statement— by which the plaintiff purported to lease the automobile in suit to Surrell for the term of four months from date, and which contained the following:

"Statement of Deal.

"1.  Basis of rental of motor vehicle including equipment, $1,575.

2.  Settlement charge, $52.60.

3.  Total sum, $1,627.60.

4.  The lessee has paid to the lessor as first installment of rental, $523.

5.  Balance of rental, $1,104.60.

Said lessee agrees to pay said last mentioned sum in accordance with the terms of a certain promissory note of even date herewith, signed by said lessee and made payable to said lessor or order, in installments as follows:

*Three at $92.05* and *one at $828.45 dollars,* payable on the 20th day of each and every month commencing July 20, 1931, until the entire sum is paid, all of which bear interest at the rate of six per cent per annum after maturity."

No evidence was produced by the plaintiff to show its ownership and possession of the automobile prior to or at the time it entered into the 'bailment lease' with Surrell. Unless it was the owner and in possession of the automobile when it executed the 'bailment

lease', the paper, while it might be effective against the alleged bailee, Surrell, himself, was of no legal effect as against a creditor of or bona fide purchaser from Surrell, without knowledge of the 'bailment'. For it is an absolute requisite to the validity of a 'bailment lease' such as this, the ultimate intent of which is a sale to the bailee, (Brown v. Billington, 163 Pa. 76, 80, 29 A. 904), that the bailor be the owner and in possession of the bailed article when the 'bailment' is entered into. We had occasion to discuss the subject somewhat fully in General Motors Acceptance Corp. v. Hartman, 114 Pa. Superior Ct. 544, 174 A. 795, and pointed out that a lease attempted to be made by one not in possession of the property leased—as where A sells and delivers a car to B and the latter attempts to secure C, who lent part of the money used to purchase the car, but who never owned or had possession of it, by a bailment from C to B purporting to lease the car—is wholly ineffective to give the alleged bailor title as against creditors of the bailee (Bank of Secured Savings v. Rudolph, 83 Pa. Superior Ct. 439; Commercial Banking Corp. v. Meade, 104 Pa. Superior Ct. 447, 159 A. 180)—and the rule is the same as respects bona fide purchasers from the bailee (Bank of North America v. Penn Motor Co., 235 Pa. 194, 198, 83 A. 622; Bankers-Commercial Security Co. v. Greer & Knapp, 73 Pa. Superior Ct. 387, 389). While we have said that the purchaser from a mere bailee acquires no title, (Heisley v. Economy Tool Mfg. Co., 33 Pa. Superior Ct. 218), we had in mind a legal bailment, not a mere cloak or device to secure money lent, made by one who never owned or possessed the bailed article.

We shall not discuss seriatim the assignments of error for we agree with the learned judge of the court below, who wrote the opinion refusing the plaintiff's motions for a new trial and for judgment non obstante veredicto, that the defendant was entitled to binding

instructions. Defendant's certificate of title was admissible, if only to show compliance by him with the Vehicle Code of May 1, 1929, P. L. 905, sec. 201 (a). Excluding all other evidence, the admission of which is assigned for error by appellant,—and on which we here express no opinion—defendant was still entitled to a directed verdict in his favor.

The material facts are not in dispute. They establish that, on June 20, 1931, Surrell, who was a dealer in automobiles and agent for the sale of Auburn cars, purchased from the Teefy-Seltz Co. of Philadelphia, which was the jobber and distributor of Auburn cars in that vicinity, a new Auburn sedan, the car in suit, paying for it the sum of $1,200, of which the plaintiff had furnished to Surrell $1,100. The car was delivered to Surrell personally at Teefy-Seltz Co.'s place of business, from which place Surrell immediately drove it away to his own place on Torresdale Avenue, where it continued to remain until sold to Kramer, being used by Surrell and his employees as a demonstrating car. On June 20, 1931, shortly after Surrell's purchase of the car, and while it was in his possession, he entered into the 'bailment lease' before mentioned with the plaintiff. Actual possession of the car was never delivered to the plaintiff and, consequently, no actual possession passed from it to the 'lessee.' The car remained in Surrell's possession from June 20, 1931 until October 17, 1931, when he sold it to the defendant Kramer for $800 cash and the delivery of Kramer's second-hand Buick car valued at $775. The car was delivered to Kramer together with a certificate of title from the Department of Revenue, which was obtained pursuant to the Vehicle Code of May 1, 1929, P. L. 905, sec. 201. Kramer had no knowledge whatever of the outstanding bailment lease to the plaintiff nor had he any reason to suspect that Surrell had no title or

authority to sell. He was a bona fide purchaser for value.

The plaintiff here contends that the evidence is consistent with the theory that Surrell, in buying the car from Teefy-Seltz Co., was acting as the agent of the H. L. Braham & Co. and that the latter thus acquired title through him, but three things prevent our accepting this view: (1) There was no evidence that Surrell bought the car from Teefy-Seltz Co. as plaintiff's agent; (2) plaintiff did not pay the full purchase price of the car, but lent or furnished to Surrell only a part of it; (3) the plaintiff did not secure the certificate of title, which an owner of a motor vehicle in Pennsylvania—except manufacturers, jobbers and dealers (sec. 201, b)—is required by the Vehicle Code of 1929, supra, sec. 201 (a), to obtain. The plaintiff was not a manufacturer, jobber or dealer of motor vehicles. Finance companies are not within the proviso of sec. 201 (b). Before it could become the lawful owner of this car, in Pennsylvania, with the right to sell or lease it within the State, appellant had to secure a certificate of title; and there is no evidence in the case that this was ever done by it.

There is, therefore, no evidence in the case that the transaction was other than a straight purchase by Surrell, a dealer, from Teefy-Seltz Co., jobbers or distributors, with money, a part of which had been furnished to Surrell by appellant, and an attempt on the part of the latter to secure itself for the money so lent by executing a bailment lease to Surrell for the car which was never owned by it nor ever in its possession.

The case is very similar in its facts to Commercial Banking Corp. v. Meade, 104 Pa. Superior Ct. 447, though the position of the alleged bailor in that case was stronger than that of the appellant in this one. There the lower court entered judgment for the defendant non obstante veredicto in an opinion, affirmed

by this court, in which it was said: "However much plaintiff desired and endeavored to disguise the transaction between it and the Hines's by the dressing of the papers which were executed ...... the real transaction, so far as third persons were concerned, was that of a loan by plaintiff to the Hines's and the actual relation between them was not that of bailor and bailee but debtor and creditor: Root v. Republic Acceptance Corporation, 279 Pa. 55-58."

As the defendant was entitled to binding instructions no harm was done the plaintiff by submitting the case to the jury.

Judgment affirmed.