Sork, Appellant, *v.* Label et al.

Argued October 12, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Benjamin Sork,* of *Blumberg & Sork,* for appellant.

*Charles A. Wolfe,* with him *Samuel Fessenden* and *Robert T. McCracken,* for appellee.

OPINION BY KELLER, P. J., November 18, 1938:

We agree with the appellant that a compulsory nonsuit should not be entered before the plaintiff has closed his case; but we think the circumstances attending the trial of this case justified the court below in concluding that the plaintiff had no more evidence to present, after his motion to amend his statement the second time had been disallowed, and that, in fact, he had concluded his case, although he may not have formally announced that he had rested.

The action was in replevin for a dining car, or lunch wagon, and contents, or equipment, used for selling and serving food, refreshments, etc., of the declared value of $1,500. The defendant, Label, gave a counter bond and retained the property.

The plaintiff did not claim to be the owner of the dining car or its equipment, but averred, in his declaration or statement, that, "some time prior to October 8, 1934," he became entitled to the possession of the same "by virtue of a verbal lease from Henry Sork, the owner of said dining car and contents on May 1, 1933." The averments in the statement are of the vaguest and most indefinite type, without certainty as to dates, source of ownership or other details.

The affidavit of defense filed by the defendant Label denied the plaintiff's alleged right of possession, and set up a claim of ownership in the defendant to the dining car and contents by virtue of a constable's sale

to him on October 22, 1934, following a distraint for rent on October 8, 1934 by Rebecca Label, the owner of the lot on which the dining car was located, for rent due and unpaid at the time of the distress. The details of the distraint, notice, appraisement and sale, in strict compliance with the requirements of the law, were fully set forth. The affidavit of defense also alleged that the means of proof relating to the averments in the plaintiff's statement, as to his being entitled to possession of the dining car and contents prior to October 8, 1934, by virtue of a verbal lease from Henry Sork, (the plaintiff's brother), and the alleged ownership of the same by said Henry Sork, were all matters under the exclusive control of the plaintiff, as to which the defendant had no knowledge and, therefore, he demanded proof thereof at the trial. To give further details of the pleadings would only complicate this opinion.

On the trial—the second in point of fact—the plaintiff produced no evidence as to the ownership of the dining car and contents by Henry Sork and his verbal lease of the same to the plaintiff, as averred in his statement, nor any evidence of plaintiff's *right* to the possession and occupancy of said dining car and contents. He did testify that he had *operated* the car from November, 1926, until October, 1933, when his operation of the car had ceased; but the lease referred to by him on the trial, a copy of which had been affixed to the affidavit of defense, showed that Rebecca Label had entered into the lease with "Joseph Gleason for the Gleason Lunch Company" as lessee, on November 12, 1926.

Plaintiff's counsel tried the case as if it were one where the tenant or owner of goods distrained upon by a landlord for rent due and unpaid, had replevied the goods within five days after such distress taken and notice thereof and while the goods were still subject

to the distress, in accordance with the Act of March 21, 1772, 1 Sm. L. 370; but it was not.

The cases relied on by the appellant, *Drumgoole v. Lyle,* 30 Pa. Superior Ct. 463; *McCrary v. McCully,* 75 Pa. Superior Ct. 464; *Wolcoff v. Aguero,* 100 Pa. Superior Ct. 576, were all cases of that kind, where the tenant had replevied the goods *while under seizure* on a distress for rent alleged to be due and unpaid by his landlord, and before title had passed by a constable's sale under the distraint. In such case the title to the goods is not in question; the point at issue is whether the rent distrained for was due and owing when the distraint was made. See *McCrary v. McCully,* supra; *Drumgoole v. Lyle,* supra.

Under the Replevin Act of April 19, 1901, P. L. 88, the plaintiff is required to file a "declaration, verified by oath, which shall consist of a concise statement of his demand, setting forth the facts upon which his title to the goods and chattels is based," and the defendant must within fifteen days after service of the declaration file "an affidavit of defense thereto setting up the facts denying plaintiff's title and showing his own title to said goods and chattels."

We have ruled that the Act of 1901 applies to all writs of replevin, including those issued by a tenant to replevy goods while under seizure by a landlord on a distress for rent: *Drumgoole v. Lyle,* supra; but certain inherent distinctions exist between such actions and ordinary actions in replevin to determine the ownership of a disputed chattel. The landlord, in a replevin on distress, has no right to give a counterbond and retain possession of the goods, as was done in the present case: *Pickering v. Yates,* 51 Pa. Superior Ct. 436. This is because he does not claim adverse title to, or ownership of, the goods replevied, but only a lien upon them for his rent by virtue of his distraint.

This was not that kind of a replevin action. The

defendant here did not claim a lien on the goods by virtue of a distraint for rent. He claimed absolute title to and ownership of them by virtue of a completed constable's sale, held after the observance of all legal formalities and requirements; and he sufficiently denied the ownership of the goods and the plaintiff's right of possession, as averred in the statement, to put the plaintiff to proof of the same. The title to the goods in suit and the plaintiff's right of possession to them were squarely in issue and the burden was on him to prove the averments of his declaration and establish by the evidence a general or special property in the goods replevied and his exclusive right to the possession thereof, before the defendant was called on to give proof of his claim of ownership: *H. L. Braham & Co. v. Surrell*, 115 Pa. Superior Ct. 365, 367, 368, 176 A. 64; *Blossom Products Corp. v. National Underwear Co.*, 325 Pa. 383, 386, 191 A. 40. The plaintiff must rely on the strength of the title averred in his declaration and sustain it by adequate proof. This the appellant failed to do, and the court was justified in directing a compulsory nonsuit. The proposed amendment which was rejected, because of its complete departure from the declaration filed, would not have cured this total lack of proof.

A constable's sale under a distress for rent does not carry with it any admission that the goods distrained upon and sold were the goods of the tenant or of any other particular person, for, ordinarily, the landlord is entitled to distrain for unpaid rent on any goods found on the leased premises, no matter who may be the owner of them.

Henry Sork, who, the plaintiff averred, was the owner of the dining car and contents, was not a party to this action. He was neither the legal plaintiff nor the use plaintiff, as in *C. H. Hardy Auto Co. v. Posey*, 50 Pa. Superior Ct. 399, 402. He would not be affected

in his rights, if he has any, by the judgment in this action, whatever its outcome.

The case of *Sookiasian v. Swift & Co.*, 100 Pa. Superior Ct. 69, cited by appellant, is not helpful to him. That was not a replevin action, but a sheriff's interpleader, in which we held that the claimant—the plaintiff in the issue—who based his claim of ownership of the goods seized in execution on a prior constable's sale, must prove that all the statutory requirements of a legal sale had been complied with. He was the plaintiff in the issue, with the burden of proof resting on him, just as the plaintiff is in this case. It is authority against the plaintiff rather than in his favor.

Subject to the qualification below, we know of no reason why the trial court in a replevin action may not, as in other jury trials, enter a compulsory nonsuit, if the plaintiff fails to make out a prima facie case justifying its submission to the jury. Section 5 of the Replevin Act specifically authorizes the court to enter judgment for the plaintiff for the goods and chattels as to which the affidavit of defense may be adjudged insufficient. This establishes that the act does not *require* a jury to pass upon the case in all events and circumstances. The case must be submitted to the jury, however, where the determination is against the party in possession of the goods and chattels, in order that their value may be determined by the jury (Sec. 7).

The assignment of error is overruled and the judgment affirmed.