## Basore Construction Company, Appellant, *v.* Brinker Supply Company.

Argued November 15, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Emanuel S. Leopold,* with him *Frank A. Orban,* and *Scheeline and Leopold,* for appellant.

*Archibald M. Matthews,* for appellees.

OPINION BY ERVIN, J., December 14, 1960:

This is an action of replevin with bond which is before this Court for the second time.

The case was tried before the court below and a jury, which awarded a verdict in favor of the defendant. After the denial of plaintiff's motions for a new trial and judgment n.o.v., judgment was entered on the verdict.

On appeal to this Court, the judgment was reversed and the case was remanded to the court below upon the following order: "Judgment reversed and the record is remanded to the court below for the entry of judgment n.o.v. in favor of the appellant." See *Basore Construction Corp. v. Brinker Supply Co.,* 187 Pa. Superior Ct. 10, 17, 142 A. 2d 478 (allocatur refused ibid xxvii).

On August 12, 1958, after the record had been remitted to the court below, plaintiff moved for the en-

try of judgment n.o.v. and for a trial for the assessment of damages. On June 23, 1960, the court below entered judgment n.o.v. in favor of the plaintiff but refused its application for a jury trial for the assessment of damages.

In this replevin action plaintiff sought to recover possession of personal property and special damages arising from the taking and detention of this property.

Pennsylvania Rules of Civil Procedure specifically provide for the adjudication of both right to possession and damages. Rule No. 1084 provides: "(a) If judgment is entered before trial for the party in possession of the property, the judgment shall determine

"(1) his right to retain possession of the property, and

"(2) his right to recover special damages, if any.

. . .

"(c) Special damages shall be assessed by a trial at which the issues shall be limited to the amount of the damages."

Rule No. 1085 provides: "(a) If judgment is entered after trial for the party in possession of the property, the judgment shall determine.

"(1) his right to retain possession of the property, and

"(2) the amount of any special damages sustained."

The first issue (the right to retain possession of the property) was finally adjudicated in favor of plaintiff, Basore Construction Company, when the case was first here. We could not adjudicate the second issue (the right to recover special damages) because these damages were unliquidated and could only be assessed by a jury. For this reason we did not enter judgment for the appellant in a definite amount when the case was first here. We remanded the record to the court below, assuming that it would order a jury trial to determine the issue of damages before entering judgment

for the appellant. This it did not do and we have a further unnecessary delay in a case that should have been disposed of several years ago.

We therefore order:

1. That the judgment entered by the court below under order of June 23, 1960 in favor of appellant be and the same is hereby vacated.[1]

2. A new trial is hereby directed in which there will be two issues to be determined, as follows:

*First issue:* Shall the plaintiff (appellant here) have the right to retain possession of the "backhoe attachment" described in the pleadings? On this issue the court below is directed to give binding instructions to the jury in favor of the plaintiff.

*Second issue:* What special damages, if any, has the plaintiff sustained. This issue shall be submitted to the jury by the court below with proper instructions in the usual manner.

WRIGHT, J., would affirm upon the opinion of the court below.

---

[1] The writ of inquiry for the assessment of damages (authorized by the Act of May 22, 1722, 1 Sm. L. 131, Chap. CCLV, 12 PS §687) has been abolished or superseded by the Rules of Civil Procedure. See Pa. R. C. P. No. 1451 (d, 1).