## Commonwealth, to the use of Amusement Centers, Inc. v. Dratt

*Thomas A. Reap, Jr.*, for plaintiff.
*Marvin L. Portney*, for defendant.

SATTERTHWAITE, P.J., SPECIALLY PRESIDING, October 21, 1966.—This is an action of assumpsit upon a replevin bond whereby Amusement Centers, Inc. (Amusement), defendant in the earlier replevin proceeding and use-plaintiff in this action, seeks a money judgment against Philip Dratt (Dratt), plaintiff in the replevin, and New Amsterdam Casualty Co. (New Amsterdam), the surety on his replevin bond, both of whom are defendants herein. Separate but identical preliminary objections by each defendant, demurring to the complaint and also seeking a more specific statement of plaintiff's claim for damages, are before the court after argument.

According to the within assumpsit complaint, Dratt, on July 22, 1958, commenced an action of replevin with bond against Amusement in this court, as of no. 317, May term, 1958, to secure possession of certain amusement devices. On an undisclosed date, the sheriff replevied said devices pursuant to the writ and delivered them in due course to Dratt, the latter having filed his bond therein (with New Amsterdam as surety) in the penal sum of $100,000, conditioned as follows (as appears from the bond itself, the record of same being incorporated herein by reference as authorized by Pa. R. C. P. 1019(g)):

"Now, if the above bounden plaintiff [Dratt] shall and will maintain his title to such goods and chattels, or, in case he shall fail to maintain his said title, shall pay to the party thereunto entitled, the value of said goods and chattels and all legal costs, fees and damages to which the defendant [Amusement] or other person, to whom such goods and chattels so replevied belong, may sustain by reason of the issuance of the said writ of replevin, then the above obligation to be void and of none effect, otherwise to be and remain in full force and virtue".

The condition of the actual bond above quoted dif-

fers from the summarization thereof in the within complaint, which characterizes the bond as conditioned that Dratt "maintain his right to possession". The significance, if any, of this difference is not presently a matter of concern to the court, but use-plaintiff, in the amended complaint hereinafter allowed, should more accurately refer to the bond and the alleged breach of the condition thereof by Dratt.

Amusement further alleges herein that Dratt caused the aforesaid replevin action to be discontinued of record, pretrial, on November 17, 1964, at a time when, according to the docket entries annexed as an exhibit, preliminary objections to the complaint were still outstanding and undisposed of. Amusement, accordingly, concludes that Dratt has failed to "maintain his right of possession" of said amusement devices, thereby forfeiting the bond; and that the surety has thereby become liable to pay to Amusement the value of said amusement devices. Next follows a bare allegation, without statement of relevance or any other correlation, that Dratt filed an affidavit of value in the replevin action, fixing the worth of said amusement devices at $50,000. The complaint, without further elaboration, then concludes with the unparticularized averment that there is due Amusement the sum of $50,000, with interest from July 22, 1958.

As ground for their demurrers, Dratt and New Amsterdam contend that the complaint fails to state a cause of action because no liability for the value of the goods may be asserted in the within suit on the bond unless and until there has been a determination, not only of title, but also of the value of the goods, *in the replevin proceedings.*

It is true that Pa. R. C. P. 1084, relating to the entry of pretrial judgments in replevin actions (as where judgment be entered on the pleadings, for example), not only authorizes but seems to require such

determinations therein where the replevin proceeds to that stage; this rule provides, in relevant part, as follows:

"(b) If judgment is entered before trial for a party not in possession of the property, the judgment shall determine

"(1) his right to recover possession of the property.

"(2) the money value of the property based upon the value set forth in the plaintiff's complaint, and

"(3) his right to recover special damages, if any.

"(c) Special damages shall be assessed by a trial at which the issues shall be limited to the amount of the damages".

Similar provisions are set forth in Pa. R. C. P. 1085, relating to judgment after trial, and the various manners of proceeding in execution or enforcement of such judgments are specified by Pa. R. C. P. 3170(b). These provisions supersede and supply the analogous provisions of section 7 of the Replevin Act of April 19, 1901, P. L. 88, 12 PS §1841, upon which defendants herein erroneously rely in their argument. (The last mentioned provisions of the act of 1901 have been suspended, except as they constitute legislative authority to collect replevin costs, by Pa. R. C. P. 1456 and 3243.)

Prior to the Act of 1901, supra, even though the successful party in the replevin action desired to recover money damages, rather than return of the specific goods, it was not necessary for him to have such damages assessed in the replevin proceedings; the early cases held that it was entirely proper for him to prove and assess such damages in his action on the bond upon favorable termination of the replevin proceedings: Gibbs v. Bartlett, 2 W. & S. 29 (1841); Pittsburgh National Bank of Commerce v. Hall, 107 Pa. 583 (1885).

After a specific statutory remedy in this connection had been furnished by the Replevin Act of 1901, how-

ever, there grew up a substantial body of case law to the effect that, at least in cases where the replevin action went to a judicial decision, then the procedure so provided should be carried through completely, and if the value of the goods not be fixed therein, or if the damages sustained by the detention of the goods not be liquidated thereby, no relief could be obtained by action on the bond therefor. Probably under the concept of exclusiveness of the statutorily prescribed remedy (see the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156), it was thought procedurally inappropriate to leave such questions to the collateral proceedings on the bond in enforcement of the rights which already could and should have been so litigated in the replevin action itself.

Thus, Commonwealth, to use, v. Lintott, 64 Pa. Superior Ct. 328 (1916), involved a replevin in Philadelphia Court of Common Pleas No. 1 in which possession of the subject property had been retained by defendant on filing a counterbond; when judgment on the pleadings was ultimately rendered in favor of plaintiff, but no damages were assessed therein, it was held error to enter judgment for plaintiff in a subsequent and separate action of assumpsit on defendant's counterbond in the Municipal Court of Philadelphia and permit plaintiff to assess his damages therein. The Superior Court ruled that plaintiff must first assess the damages on the common pleas replevin judgment by appropriate proceedings in that court and action. A similar result obtained in Morgan v. Canavan, 18 Del. Co. 211 (1927), where plaintiff had judgment on a verdict of a jury in the replevin case for possession of the subject property, but neglected to have the trial jury fix the value thereof; in his subsequent assumpsit on the counterbond, defendant having retained possession, it was held, under authority of the Lintott case, that plaintiff could not recover.

Ostensibly, contrary decisions were rendered in Commonwealth, to use of Savino v. Ferrarini, 20 Luz. 288 (1919), and S. F. Bowser & Co. v. Goldberg, 4 D. & C. 664 (1924). Nevertheless, there are several well considered opinions in other cases not directly involving suit on a replevin bond which have unequivocally indicated the necessity for jury action in the replevin proceedings themselves on the subject of the value of the goods in suit or the damages due for the improper detention thereof: Sork v. Label, 133 Pa. Superior Ct. 169, 175 (1938); Basore Construction Company v. Brinker Supply Company, 194 Pa. Superior Ct. 304, 306 (1960); Landman v. Fox, 6 Fayette 71, 73 (1943); Automobile Banking Corporation v. Brenner, 58 York 189, 191 (1945); Kadunce v. Beecher, 32 Westmoreland 255, 259-260 (1950).

Neither the holdings nor the rationale of these decisions, however, extend to the type of situation disclosed in the instant case. Here, no judgment of any kind, whether or not completely dispositive, has been entered in the replevin action. Accordingly, Pa. R. C. P. 1084, 1085 and 3170 (and their predecessor, section 7 of the Act of 1901, supra), by their own terms, can have no application. Nor do any of the above precedents necessarily require that the exclusive and all-inclusive concepts of these statutory procedures be extended to non-judgment cases to preclude collateral remedies by analogy.

The Basore Construction Company and Automobile Banking Corporation cases, supra, were concerned with post-trial correction of erroneous decisions in the respective replevin actions themselves, it being noted in each that a new trial was compelled, preventing the entry of judgment n.o.v., because of necessity for a jury to liquidate damages or ascertain values, notwithstanding that the party out of possession would otherwise have been entitled to final judgment as a matter of law despite the jury's verdict.

In the Sork case, supra, the real issue was the propriety of the entry of a compulsory nonsuit against a plaintiff in replevin. After concluding that such disposition was authorized under the Replevin Act of 1901, the Superior Court added the following gratuitous qualification, which in point of fact was unnecessary to its decision, since the goods there in question actually had remained in defendant's possession under a counterbond, 133 Pa. Superior Ct. at 175:

"The case must be submitted to the jury, however, where the determination is against the party in possession of the goods and chattels, in order that their value may be determined by the jury (Sec. 7)".

Landman v. Fox, supra, also involved a nonsuit in the replevin action, in this case a voluntary nonsuit. The matter came before the court on plaintiff's exceptions to defendant's subsequent and collateral assessment of damages by a sheriff's writ of inquiry, a procedure approved in D. S. & H. Craig, Inc. v. Young, 21 D. & C. 596 (1934), as well as plaintiff's motion to take off the nonsuit. The Fayette County Court held that under the Sork dictum, defendant had not proceeded properly, since the question of his damages should have been submitted to the empanelled replevin jury notwithstanding the nonsuit. By reason of this and various other considerations, the nonsuit was taken off and a new trial granted.

Kadunce v. Beecher, supra, is the only case discovered wherein the significance of a pretrial discontinuance of the replevin action provided occasion for judicial discussion in the instant context, and even there, the matter came up during the pendency of the replevin proceedings themselves and not, as here, in another action. In that case, plaintiff had filed the requisite bond and had been given possession of the machine in suit. For reasons which were not clear and under circumstances which were not disclosed by the opinion, plaintiff petitioned, pretrial, for leave to dis-

continue the action and to obtain a release of himself and his sureties on the bond. The Westmoreland County Court denied this application, pointing out that it was, of course, competent for plaintiff to withdraw his claim to the possession of the machine, but that "his bond would have to remain pending the outcome of the trial".

In the instant case, by way of contrast to all of the cases hereinabove mentioned (and defendants herein have referred to no others), use-plaintiff neither has, nor ever has had, any realistic opportunity to have determined in the replevin proceedings the value of the subject amusement devices taken from it by the sheriff's replevy, or its damages and costs by reason thereof. Those proceedings were terminated by Dratt prior to the empanelling of any jury which might have been available to liquidate Amusement's claims in this respect. Neither the court nor Amusement was ever consulted or asked to agree to or to allow the ex parte discontinuance of the replevin action. While Amusement might have petitioned to strike off the discontinuance (Pa. R. C. P. 229(c)), we believe that it would be an anomalous and untenable result to hold that it must, at its peril, have taken the initiative in this respect to revive and reinstate such adversary proceedings against itself, with all the attendant risks inherent in defending against any continuing litigation.

In short, the reason for the usual requirement that the replevin procedures and remedies be complete and exclusive within themselves simply has no occasion or application where the effective availability of such procedures and remedies has been completely thwarted, and in fact never did obtain as a practical matter, so far as Amusement was concerned. The instant situation does not differ materially from that presented in Unger v. Hoak, 44 D. & C. 8 (1941), where a replevin action in the common pleas against the personal rep-

resentatives of a decedent's estate had been abated on the ground that the orphans' court had exclusive jurisdiction of a claim against decedent; in a subsequent suit by the executors against the replevin-plaintiff on the latter's bond to recover the value of the goods replevied, no judicial determination of title having been made in any court, it was held that the common pleas did have jurisdiction in such later assumpsit action to determine the merits of the respective claims of title. While the question here raised was not expressly presented in so many words in the Unger case, that decision is, nevertheless, persuasive of the result which should obtain where the usual and ordinary ramifications of the replevin action, for reasons beyond the real control of the affected party or parties, cannot be fully and effectively carried out.

For the reasons stated, defendants' respective demurrers herein should be overruled. Their motions for a more specific pleading, however, should be sustained. It is impossible to ascertain from the complaint the theory and basis for the damages which Amusement is claiming herein. Is the $50,000 figure mentioned in the prayer for relief confined to the value of the goods? Or is it partly that and partly damages for detention or costs? While Amusement's complaint does refer to Dratt's affidavit of value filed in the replevin proceedings, and that affidavit as a practical matter would have been conclusive against Dratt in *those* proceedings (Gaspero v. Gentile, 160 Pa. Superior Ct. 276 (1947); cf. Pa. R. C. P. 1084(b)(2)), nevertheless, such averment, although *evidence* in the nature of an admission, is not necessarily and inevitably *conclusive* in *another* action: see Associates Discount Corporation v. Kelly, 169 Pa. Superior Ct. 74, 77 (1951). In any event, the mere incidental and unexplained reference to such affidavit of value in the within complaint is not equivalent to an averment that Amusement herein

itself claims that value. More particularity of averment of damages is required in such actions. See Barr v. McGary, 131 Pa. 401 (1890) ; Clements v. Dempsey, 7 Pa. Superior Ct. 52 (1898).

### ORDER

And now, October 21, 1966, for the reasons stated in the foregoing opinion, defendants' respective preliminary objections to use-plaintiff's complaint in the nature of a demurrer are hereby denied and overruled; those in the nature of a motion for a more specific pleading are hereby affirmed and sustained. Leave is hereby given use-plaintiff to file an amended complaint within 20 days from this date.